IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ERIC J. DIESEL,

        Petitioner,

  v.

JOHN CAVALLI,

        Respondent.

No. C 03-01954 WHA

**ORDER DENYING MOTIONS TO STAY**

Petitioner Eric J. Diesel moves to stay a state-court restitution order and proceedings in Santa Clara County Superior Court, pending a decision on his petition to this Court for a writ of habeas corpus. The motion is filed under three separate docket entries, Nos. 25, 28 and 29. This order addresses all three entries. This Court finds that petitioner has not provided a compelling reason to enjoin the matters described above. The motions therefore are **DENIED**.

Mr. Diesel was guilty of water pollution and illegally grading land. The order he seeks to stay stated that:

    1.    Supervised probation was extended for three years, or until land that petitioner illegally graded is restored to its original condition, whichever occurs first.
    2.    Petitioner must pay the County of Santa Clara $368,444.37 to repair damage he was convicted of doing to the site.

Federal judges may stay a state-court action for any matter involved in a habeas-corpus proceeding. 28 U.S.C. 2251. Whether to grant a stay is in the discretion of the court. *McFarland v. Scott*, 512 U.S. 849, 857–58 (1994). Federal restraint of state prosecutions is permissible, however, only if the defendant establishes "great and immediate" irreparable

1  injury, beyond "that incidental to every criminal proceeding brought lawfully and in good
2  faith." *Younger v. Harris*, 401 U.S. 37, 46–47 (1971) (internal quotation marks omitted).

3  In the instant case, petitioner's sole basis for his motion is that he "will suffer irreparable
4  harm" if the order is enforced and the proceedings continue. The harm consists of being forced
5  to sell real property to satisfy the restitution order and the alteration of the property the County
6  plans to repair, including the destruction of an access road (Mot. 1; Hendrickson Decl. ¶¶ 4–5).

7  These reasons are insufficient to stay the state-court order and proceedings. The harm
8  petitioner asserts is not irreparable. Roads can be rebuilt. Loss of money can be remedied by
9  an award of damages. Furthermore, the injury petitioner suffers in the state case is the same
10 type of injury that is "incidental to every criminal proceeding brought lawfully and in good
11 faith." *See Younger*, 401 U.S. at 47 (internal quotation marks omitted).

12 Petitioner is asking for his punishment to be suspended until the merits of his petition
13 are decided. In all habeas cases, petitioners suffer similarly "irreparable harm" in that their
14 punishments continue while the court considers the merits of their cases. If a stay were justified
15 in the instant case, so too would it be proper in every case where a petitioner is imprisoned.
16 Every day spent behind bars is one that can never be recovered and spent in freedom. Mr.
17 Diesel provides no justification for treating him differently than other habeas petitioners. This
18 is not, for example, a death-penalty case in which carrying out the sentence would moot the
19 petition. Petitioner does not come into this Court as an innocent man, with the right to delay
20 punishment. He has been convicted. His sentence is presumed proper until and if he proves
21 that it was imposed in violation of federal laws, treaties or the Constitution. If he prevails on
22 the merits, a proper remedy will be fashioned then and only then.

23 The petition will be handled like all others. The motions are **DENIED**.

25 **IT IS SO ORDERED.**

27 Dated: March 8, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2